399 P.2d 206

**THORP FINANCE CORPORATION, a Wis-
consin corporation, Plaintiff
and Respondent,**

v.

**F. M. WRIGHT and Alice J. Wright,
husband and wife, Defend-
ants and Appellants.**

**No. 10185.**

Supreme Court of Utah.

Feb. 24, 1965.

Robert H. Ruggeri, Moab, for appellants.

Harry E. Snow, Moab, for respondent.

HENRIOD, Chief Justice:

Appeal from a judgment ordering repossession and sale of seven dwelling units that looked like "house trailers." Affirmed with costs to plaintiff.

One Dannenbaum, New Mexico resident, and dealer in house trailers, brought the units to Moab, Utah, over Utah highways,

planted them on his own lot, and rented them. They were, in effect, duplexes to accommodate two small families. They had no wheels, and from the record appear to be no different than a two-family house, except for their appearance. After his rental, he sold the units to defendants, and the units were moved to the latter's property. All this by means of jacking them up and putting underneath them independent wheeled dollies. Otherwise, these units were not mobile in any respect other than that of a duplex house. He assigned his contracts to Thorn, a Wisconsin corporation.

Defendants say the contracts were unenforceable since Dannenbaum, admittedly a New Mexico dealer in used house trailers, had: 1) not complied with Utah laws re registration and bonding,[1] and 2) that even so, Thorp, a foreign corporation, was not licensed to do business in Utah because of failure to comply with Utah provisions for doing business in Utah.[2]

■ Looking at the latter point first, it is obvious that Thorp was not doing business in Utah by accepting an isolated assignment elsewhere, with no office or agents in this state.

■ Looking at the first point, it is obvious that Dannenbaum, in this isolated transaction, where he simply moved some rental units to Utah, placed them on his own property and rented them, only to sell them later, was not engaged in the sale of "motor vehicles" in Utah. To stretch a dwelling, wheel-less and motorless into a "motor vehicle" would be akin to saying that moving a furnished four or five-room house over the roads of Utah would make it a "motor vehicle."

We think the trial court took the only reasonable and realistic interpretive approach by saying the *primary*[3] purpose of the movement of these units was not to use our highways, but to plant the units terra firmawise to accommodate two small families, with two separate entrances and facilities.

We think the argument that the Tax Commission has treated the type of dwelling involved here as a motor vehicle would not operate to change the facts of this case so as to bring them within the definition of "motor vehicle" under the act.

McDONOUGH, CROCKETT, WADE and CALLISTER, JJ., concur.

---

1. Title 41-3-1, Utah Code Annotated 1953, as amended.
2. Art. XII, Sec. 6, Utah Constitution.

3. See Title 41-3-7, Utah Code Annotated 1953, as amended.